**In the Federal District Court in Lexington for the Eastern District of Kentucky**

**Request of Geoffrey M. Young for an Injunction Against KET**

*Geoffrey M. Young v. KET*

5:22-CV-104-CHB

I, Geoffrey M. Young, live at 2430 Millbrook Drive, Lexington, Kentucky 40503. I am a registered Democrat. I am one of four candidates for the US House of Representatives in Kentucky's 6th Congressional District whose names will appear on the ballot for the primary elections on May 17, 2022. The three other candidates listed on the website of the Kentucky Secretary of State are Chris Preece, 214 Laurel Drive, Berea, Kentucky 40403, who is my only opponent in the Democratic Party primary; Andy Barr, P.O. Box 2059, Lexington, KY 40588; and Derek Pettys, 829 Marcellus Drive, Lexington KY 40505. The latter two candidates are registered Republicans.

KET is Kentucky Educational Television, an agency of the Comonwealth of Kentucky. Its main address is 600 Cooper Drive, Lexington, KY 40502. KET sponsors candidate debates before primaries and before general elections.

On or about February 10, 2022, I signed for and opened a letter from KET – *see* Exhibit 1 – that was unsigned but was dated November 22, 2021. It was somewhat similar to the letters I received from KET when I ran for the US House of Representatives in 2014, 2016, 2018, and 2020; and when I ran for Governor of Kentucky in 2015 and 2019. It was titled, "KET Candidate Invitation Criteria." Like most of these letters, it featured three criteria, the first two of which I have never had any trouble meeting: (1) being on the ballot as reflected by the website of the Kentucky Secretary of State; and (2) having a public website or social media account that lists my positions on some issues. Usually, KET requires at least four issues, but

1

its 2022 letter did not specify a number. By the deadline of April 15, 2022, my website, https://www.young4ky.com/, discussed approximately twelve issues in depth.

The third criterion is usually a financial requirement. In past years, I have sometimes met Criterion (3) and sometimes failed to meet it. Every time I have failed to meet it, KET has absolutely refused to allow me to participate in their debate. They station a security officer outside the door before the debate to keep me from entering the building under threat of arrest and jail. This year's Criterion (3) was and is extremely detailed, precise and stringent:

> The candidate's principal campaign committee has reported net contributions of at least twenty-five thousand dollars ($25,000), or reported net expenditures of at least twenty-five thousand dollars ($25,000), on the April 15, 2022 Quarterly Report it files with the Federal Election Commission ("FEC") using FEC Form 3. KET will determine satisfaction of this criterion using the amounts listed on line 6(c), Column B (Election Cycle-to-Date), and line 7(c), Column B (Election Cycle-to-Date), and line 7(c), Column B (Election Cycle-to-Date) of the Summary Page of Receipts and Disbursements, of FEC Form 3, shown circled on the following page. To satisfy this criterion, at least one of these two reported amounts, by itself, must be $25,000 or more. This criterion cannot be satisfied by adding the two amounts together. KET will not consider any FEC Form 3 filed or amended after the April 15, 2022 filing deadline.

I have been making expenditures for my 2022 Democratic primary election campaign since January 1, 2021, which is the day after I terminated my 2020 campaign for Congress in the Sixth District. I kept track of all legitimate campaign expenditures during the calendar year 2021. Because I did not reach the $5,000 filing threshold during the first two quarters of 2021, I didn't have to file any FEC reports. During the third quarter of 2021, I exceeded the $5,000 threshold and electronically filed my Third Quarter report on November 10, 2021. It reported expenditures of $9,962.50. On January 27, 2022, I filed my report that was supposed to cover the entire calendar year of 2021. Because I mistakenly opened a new FEC data file instead of using the original one, the Cycle-to-Date figure was incorrect. In the 4th quarter of 2021, I reported expenditures of $22,550.37, and the Cycle-to-Date number was also $22,550.37. It

should have been $9,962.50 plus $22,550.37, or $32,512.87. That amount, if I had used the FEC software correctly, would have put me above KET's spending requirement as of December 31, 2021. On April 11, 2022, I filed my FEC report for the first three months of 2022. The reported expenditures were $63,505.44. Because I again mistakenly opened a new FEC data file, the Cycle-to-Date figure was incorrect. It read $63,505.44, but it should have read $32,512.87 plus $63,505.44 or $96,018.31. Both my actual first quarter 2022 expenditures of $63,505.44 and my actual, soon-to-be-corrected Cycle-to-Date expenditures of $96,018.31 as of March 31, 2022 easily met KET's Criterion (3). The FEC allows candidates or their campaign treasurers to file amended financial reports, and my intention is to wait until after the May 17, 2022 primary when I should have a little time, and then amend all of my reports that contain errors so that all of my 2021-2022 reports are accurate.

On April 11, 14, 15, 16, 18, 22, 24 and 25, I checked the FEC's website to see whether Chris Preece ever met KET's Criterion (3). He never did, and KET's April 15, 2022 deadline is now in the past. Chris Preece has never even filed a first quarter 2022 FEC report, and his year-end 2021 report showed total receipts of $16,236.27 and total expenditures of $4,352.75. Mr. Preece met KET's first two invitation criteria but failed to meet KET's Criterion (3).

On April 20, 2022, I received a two-page letter from an attorney I know, Christopher W. Brooker. *See* Exhibit 2. On the first page, Mr. Brooker admitted that "KET reviewed your principal campaign committee's April 15, 2022 Quarterly Report, and saw that you reported $63,505.44 in campaign disbursements on line 7(c)." The next sentence should have read: "You have therefore met all three of KET's invitation criteria and Chris Preece has not, so you will be invited to participate in a live, one-on-one interview by Renee Shaw at 8:00 pm on (whatever date), and the recorded interview will be aired six or seven times before the May 17

primary."

What Mr. Brooker actually wrote on page two of his letter, however, was nothing like what he should have written. He wrote, "Accordingly, KET will not be inviting you to appear on *Kentucky Tonight* in this primary election cycle." He made it clear that that decision will never be reversed, no matter what I might say to him, to any KET employee, to any board member of KET's governing body, to the Kentucky Authority for Educational Television, or to anyone else.

An injunction against KET is urgently required because I will suffer enormous damage to my professional career as a Kentucky politician and enormous damage to my personal reputation in the community and indeed, throughout the United States, if KET is allowed to exclude me in clear violation of its own written candidate invitation criteria. In his letter, Mr. Brooker has already provided, in writing, the text of what KET is intending to say about me to the public about why I was not given an interview before the primary.

If I win the Democratic primary despite KET's unlawful, vicious, discriminatory conduct, Andy Barr (R) is certain to quote KET's public explanation in every ad he runs from May 18 through November 8, 2022. It won't matter if I somehow make it into KET's pre-general election debate that will probably occur in October, 2022. The damage to me and my reputation will already have been done. My reputation as a serious candidate for US Representative in KY-6 will have been permanently destroyed by KET's public comments, several million dollars' worth of vicious attack ads gleefully run by Andy Barr's campaign committee, and more attack ads run by independent, Republican super-PACs, all of which will gleefully cite KET's public comments. After all of that, I would be a fool ever again to attempt to run for any political office in America.

4

I see no need to belabor my point. Mr. Brooker and KET are attempting to end my political career within the next day or two. The last three pages of this document include my proposed text of an injunction that I am respectfully asking this Court to enter against KET today.

Respectfully signed on April 25, 2022 by:

*Geoffrey M. Young*

Geoffrey M. Young, *pro se*
2430 Millbrook Drive
Lexington, KY 40503
email: energetic22@yahoo.com.
Land line: (859) 278-4966